Rev. 4/18

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**CIVIL APPEAL STATEMENT**

*Please TYPE.   Attach additional pages if necessary.*

11th Circuit Docket Number: 22-14237

| Caption: | |
|---|---|
| Securities and Exchange Commission v. Justin W. Keener, d/b/a JMJ Financial | District and Division: Southern District of Florida, Miami Division |
| | Name of Judge: Judge Beth Bloom / Magistrate Judge Lauren Fleischer Louis |
| | Nature of Suit: 2850 Securities, Commodities, Exchange |
| | Date Complaint Filed: March 24, 2020 |
| | District Court Docket Number: 1:20-cv-21254-BB |
| | Date Notice of Appeal Filed: December 21, 2022 |
| | ☐ Cross Appeal    ☐ Class Action |
| | Has this matter previously been before this court? |
| | ☐ Yes   ☑ No |
| | If Yes, provide |
| | (a)   Caption: _____ |
| | (b)   Citation: _____ |
| | (c)   Docket Number: _____ |

| | Attorney Name | Mailing Address | Telephone, Fax, Email |
|---|---|---|---|
| For Appellant: ☐ Plaintiff ☑ Defendant ☐ Other (Specify) | Helgi C. Walker<br>Brian A. Richman<br>Gibson, Dunn & Crutcher LLP | Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Ave., NW<br>Washington, DC 20036 | T. 202.955.8500 / F. 202.467.0539<br>hwalker@gibsondunn.com<br>brichman@gibsondunn.com |
| | Barry Goldsmith<br>M. Jonathan Seibald<br>Gibson, Dunn & Crutcher LLP | Gibson, Dunn & Crutcher LLP<br>200 Park Ave.<br>New York, NY 10166 | T. 212.351.4000 / F. 212.351.4035<br>bgoldsmith@gibsondunn.com<br>jseibald@gibsondunn.com |
| For Appellee: ☑ Plaintiff ☐ Defendant ☐ Other (Specify) | Joshua E. Braunstein<br>Antony Richard Petrilla<br>U.S. Securities and Exchange Commission | U.S. Securities and Exchange Commission<br>100 F. St. NE<br>Washington, DC 20549 | T. 202.551-4544 (Petrilla)<br>T. 202.551.8470 (Braunstein)<br>F. n/a<br>petrillaa@sec.gov<br>braunsteinj@sec.gov |

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☑ Federal Question | ☑ Final Judgment, 28 USC 1291 | ☐ Dismissal/Jurisdiction | Amount Sought by Plaintiff: $ 24,449,301 |
| ☐ Diversity | ☐ Interlocutory Order, 28 USC 1292(a)(1) | ☐ Default Judgment | Amount Sought by Defendant: $ N/A |
| ☑ US Plaintiff | ☐ Interlocutory Order Certified, 28 USC 1292(b) | ☑ Summary Judgment | Awarded: $ 10,241,905.43 |
| ☐ US Defendant | ☐ Interlocutory Order, Qualified Immunity | ☐ Judgment/Bench Trial | to Plaintiff |
| | ☐ Final Agency Action (Review) | ☐ Judgment/Jury Verdict | Injunctions: |
| | ☐ 54(b) | ☐ Judgment/Directed Verdict/NOV | ☐ TRO |
| | | ☑ Injunction | ☐ Preliminary   ☑ Granted |
| | | ☐ Other _____ | ☑ Permanent   ☐ Denied |

Based on your present knowledge:

(1) Does this appeal involve a question of First Impression?  ☑ Yes   ☐ No
What is the issue you claim is one of First Impression? **See Addendum**

(2) Will the determination of this appeal turn on the interpretation or application of a particular case or statute?  ☑ Yes   ☐ No

If Yes, provide
(a) Case Name/Statute  Subsections 3(a)(4) and (5) of the Securities Exchange Act of 1934
(b) Citation  15 U.S.C. § 78c(a)(4), (5)
(c) Docket Number if unreported _____

(3) Is there any case now pending or about to be brought before this court or any other court or administrative agency that
(a) Arises from substantially the same case or controversy as this appeal?  ☐ Yes   ☑ No
(b) Involves an issue that is substantially the same, similar, or related to an issue in this appeal?  ☑ Yes   ☐ No

If Yes, provide
(a) Case Name  Securities and Exchange Commission v. Ibrahim Almagarby et al.   (** See Addendum For Details **)
(b) Citation _____
(c) Docket Number if unreported  No. 21-13755
(d) Court or Agency  U.S. Court of Appeals for the Eleventh Circuit

(4) Will this appeal involve a conflict of law
(a) Within the Eleventh Circuit?  ☐ Yes   ☑ No
(b) Among circuits?  ☐ Yes   ☑ No

If Yes, explain briefly:

(5) Issues proposed to be raised on appeal, including jurisdictional challenges:

(I) Whether the district court erred in embracing the Securities and Exchange Commission's new interpretation of the Exchange Act's "dealer" definition, 15 U.S.C. § 78c(a)(5), as extending beyond the context of customer-order facilitation.
(II) Whether the Due Process Clause independently bars a finding of liability because Appellant lacked fair notice of the Commission's unprecedented interpretation of the securities laws.
(III) Whether the district court erred in awarding a civil penalty, disgorgement, permanent injunction, penny-stock bar, and prejudgment interest.

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS __29th__ DAY OF __December_____, __2022_____.

Brian A. Richman                                    /s/ Brian A. Richman
NAME OF COUNSEL (Print)                              SIGNATURE OF COUNSEL

## \*\* ADDENDUM TO CIVIL APPEAL STATEMENT

### Issue of First Impression

The Securities Exchange Act of 1934 requires the registration of the two types of businesses that facilitate customer securities orders: brokers and dealers. A "broker" acts as an agent and buys or sells securities *for* the customer with the customer's account ("the account of others," 15 U.S.C. § 78c(a)(4)(A)); a "dealer" acts as a principal and buys and sells securities *with* the customer by taking the opposite side of the customer's order in the dealer's "own account," *id.* § 78c(a)(5)(A). The issue of first impression raised here is whether the definition of "dealer" can be extended beyond the context of customer-order facilitation to reach any business that buys and sells securities, even if only for itself.

### Case with Substantially the Same Issues

This appeal involves substantially the same issues as *SEC v. Almagarby*, No. 21-13755 (11th Cir.). Defendant-Appellant Justin W. Keener sets forth the following information as "necessary for an understanding of the nature of the appeal," 11th Cir. R. 33-1(a)(1), and to assist the Clerk in determining whether "consolidation of [the] appeals … is in the interest of judicial economy," 11th Cir. R. 12-2.

The core issue in both this appeal and *Almagarby* is whether (as the Commission maintains in both cases) the Exchange Act's "dealer" definition, 15 U.S.C. § 78c(a)(5)(A), reaches any person whose business "is buying and selling securities," regardless of whether that person effectuates customer securities orders. *See* SEC Br. 28, *Almagarby*, No. 21-13755, ECF No. 39 ("Someone whose 'entire business' is 'buying and selling securities' … *must* be a dealer …." (cleaned up)); SEC Mot. for Summ. J. 13, *SEC v. Keener*, No. 1:20-cv-21254-BB (S.D. Fla. Aug. 13, 2021), ECF No. 68 (quoting the district court's decision in *Almagarby* for the proposition that "where a company's business model is based entirely on the purchase and sale of securities, that fact constitutes conclusive proof that the company is a dealer"). The Commission has placed this threshold issue of statutory interpretation front and center in both appeals, and repeatedly cites the decision below in its *Almagarby* briefing. *See* SEC Br. 16, 20, 31, *Almagarby*, No. 21-13755.

The appeals share other issues. Both here and in *Almagarby*, for example, the Commission (incorrectly) claims that *SEC v. Big Apple Consulting USA, Inc.*, 783 F.3d 786 (11th Cir. 2015), and *Eastside Church of Christ v. National Plan, Inc.*, 391 F.2d 357 (5th Cir. 1968), resolve the

disputed statutory issue. *See* SEC Br. 17, *Almagarby*, No. 21-13755 ("*Eastside Church* and *Big Apple* control." (emphasis omitted)); SEC Mot. for Summ. J. 13-14 & n.7, *Keener*, No. 1:20-cv-21254-BB, ECF No. 68 (invoking *Eastside Church* and *Big Apple*). And both here and in *Almagarby*, the defendant challenges the disgorgement award on the grounds that the Commission could not establish causation and that the award would not be "for the benefit of investors." *See* Almagarby Opening Br. 44-51, *Almagarby*, No. 21-13755, ECF No. 25; Keener Opp'n to SEC Mot. for Remedies 3-10, *Keener*, No. 1:20-cv-21254-BB (April 15, 2021), ECF No. 124.

Briefing completed in *Almagarby* on December 19, 2022, but this Court has previously consolidated cases for disposition even where, as here, briefing has been completed in one case but not the other. *See* Order, *Fisher Island Ltd. v Solby+Westbrae Partners* (*In re Fisher Island Invs., Inc.*), No. 12-15595-DD (11th Cir. Nov. 27, 2013), ECF No. 102-1 (consolidating cases); Mot. for Consolidation of Related Appeals 1, *Fisher Island*, No. 12-15595-DD (Nov. 20, 2013), ECF No. 99 (stating that the first appeal "ha[d] been fully briefed and [was] scheduled for oral argument" while the others "ha[d] not yet been briefed").

## Certificate of Service

I hereby certify that on December 29, 2022, a true and correct copy of the foregoing Civil Appeal Statement was filed electronically and electronically served on all counsel registered to use this Court's ECF system. I further certify that on December 29, 2022, a true and correct copy of the foregoing Civil Appeal Statement was dispatched to a third-party commercial carrier for delivery within 3 days and properly addressed to the persons whose names and addresses are listed below:

Joshua E. Braunstein
U.S. Securities & Exchange Commission
100 F ST NE
Washington, DC 20549

Antony Richard Petrilla
U.S. Securities & Exchange Commission
100 F ST NE
Washington, DC 20549

/s/ *Brian A. Richman*

BRIAN A. RICHMAN
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
brichman@gibsondunn.com