**No. 22-14237**

# United States Court of Appeals for the Eleventh Circuit

───────────────────────────

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee*,

v.

JUSTIN W. KEENER
D/B/A JMJ FINANCIAL,

*Defendant-Appellant*.

───────────────────────────

On Appeal from the
United States District Court for the Southern District of Florida,
Case No. 1:20-cv-21254-BB

**REPLY OF JUSTIN W. KEENER TO SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO MOTION TO CONSOLIDATE THIS APPEAL WITH *SEC v. ALMAGARBY* (NO. 21-13755)**

CHRISTOPHER F. REGAN
ORRICK, HERRINGTON
 & SUTCLIFFE LLP
2001 M Street NW, Suite 500
Washington, DC 20036
(202) 349-8000

HELGI C. WALKER
BRIAN A. RICHMAN
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
HWalker@gibsondunn.com

BARRY GOLDSMITH
M. JONATHAN SEIBALD
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, N.Y. 10166
(212) 351-4000

*Counsel for Defendant-Appellant Justin W. Keener*

February 16, 2023

*SEC v. Justin W. Keener*, No. 22-14237

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Defendant-Appellant Justin W. Keener states that the following individuals, law firms, and entities have an interest in the outcome of this appeal:

1. Augustini, Hope Hall
2. Bloom, Beth F., U.S. District Judge
3. Braunstein, Joshua E.
4. Buckley LLP
5. Dwyer, Jared E.
6. Folena, Jan
7. Gibson, Dunn & Crutcher LLP
8. Goldsmith, Barry
9. Greenberg, Benjamin G.
10. Greenberg Traurig, P.A.
11. Keener, Justin W.
12. Louis, Lauren Fleischer, U.S. Magistrate Judge
13. Miller, Adam

14. Orrick, Herrington & Sutcliffe LLP

15. Petrilla, Antony R.

16. Quinn, Brian O.

17. Raskin, Jane S.

18. Raskin & Raskin

19. Regan, Christopher F.

20. Richman, Brian A.

21. Seibald, Jonathan M.

22. U.S. Securities and Exchange Commission

23. Viswanatha, Veena

24. Walker, Helgi C.

25. Welshhans, Carolyn M.

Pursuant to the district court's order, Defendant-Appellant Justin W. Keener has surrendered his remaining shares of stock and his remaining conversion rights. Accordingly, pursuant to Eleventh Circuit Rule 26.1-3(b), Defendant-Appellant Justin W. Keener certifies that there is no publicly traded company or corporation that has an interest in the outcome of this case or appeal.

# REPLY TO OPPOSITION TO MOTION TO CONSOLIDATE THIS APPEAL WITH *SEC v. ALMAGARBY* (No. 21-13755)

In a near-total reversal, the Securities and Exchange Commission now states that it "does not oppose" assigning both this case and *SEC v. Almagarby* (No. 21-13755) to the same merits panel for consideration at the same time. SEC Opp'n to Mot. to Consolidate 3, *SEC v. Keener*, No. 22-14237 (11th Cir. Feb. 9, 2023); *accord* SEC Response to Request for Same Panel 1, *Almagarby*, No. 21-13755 (11th Cir. Feb. 10, 2023).

The Commission, to be sure, states that it opposes "formal consolidation," SEC Opp'n to Mot. to Consolidate 3, *Keener*, No. 22-14237, but it does not explain the difference between "formal consolidation" and "having the same panel hear both cases," let alone why one approach would be "less of a burden" than the other. SEC Response to Request for Same Panel 1, *Almagarby*, No. 21-13755. To the extent the Commission is quibbling with the division of oral argument, Mr. Keener respectfully defers to the Court on how best to structure argument in two cases that the Commission now effectively concedes are related and should be considered in tandem.

1

The Commission's opposition to "formal consolidation" is unavailing anyway—and halfhearted at that. The Commission admits in its opposition that *Keener* and *Almagarby* turn on the "same overarching legal question" and (in the Commission's view) are "governed" by the same precedents. SEC Opp'n to Mot. to Consolidate 3, *Keener*, No. 22-14237. So instead, the Commission claims the cases are "distinctly different" with "facts and circumstances" that "differ significantly." SEC Opp'n to Mot. to Consolidate 1, *Keener*, No. 22-14237. But the Commission fails to identify a factual difference that is relevant to its statutory theory. Nor does it explain why it is simultaneously telling other courts—and (successfully) told the court below—that *Keener* and *Almagarby* are "virtually indistinguishable," "no different," "almost identical," turned on "similar" "facts," and cannot be "distinguish[ed]." *See* Keener Mot. to Consolidate 12-13 & n.3, *Keener*, No. 22-14237 (Jan. 30, 2023) (collecting cases). There is no good reason these cases should be decided separately.

The Commission turns to language from a 2002 Commission release, which provided that an assessment of "dealer" status requires an examination of "all of the relevant facts and circumstances." SEC Opp'n to Mot. to Consolidate 1, *Keener*, No. 22-14237 (quoting Exchange Act

2

Release No. 46,745, 67 Fed. Reg. 67,496, 67,499 (Nov. 5, 2002)). But the Commission cannot explain what that has to do with its statutory theory *here*. Both in this case and *Almagarby*, the Commission told the district court that the cited release does *not* "constitute the controlling law." SEC Opp'n to Def.'s Mot. for Summ. J. 10, *SEC v. Keener*, No. 1:20-cv-21254-BB (S.D. Fla. Aug. 31, 2021), ECF No. 89 (emphasis removed).

The Commission, instead, insisted that the various factors cited in Commission releases were relevant *only* "where [the] issue [was] not otherwise clear." SEC Reply in Support of Mot. for Summ. J. 3, *SEC v. Almagarby*, No. 17-cv-62255-MGC (S.D. Fla. Nov. 18, 2019), ECF No. 88 (emphasis removed). But here, the Commission maintained, the issue *was* "clear": Mr. Keener, the Commission said, "operated a commercial enterprise through which he purchased and sold securities for livelihood or gain." SEC Reply to Def.'s Opp'n to Mot. for Summ. J. 5, *Keener*, No. 1:20-cv-21254-BB (Sept. 7, 2021), ECF No. 102. And for that reason alone, the Commission argued, Mr. Keener was supposedly a "dealer"— "**no different than the dealer-defendant in Almagarby**." *Id.* (emphasis added); *see also* SEC Reply in Support of Mot. for Summ. J. 3, *Almagarby*, No. 17-cv-62255-MGC, ECF No. 88 ("[B]ecause Defendants

3

clearly engaged in purchasing and selling securities for their own accounts as part of a regular business, none of the factors cited by Defendants need be established."). There is simply no factual distinction that is relevant to the Commission's theory, much less one that could justify two independent tracks in this Court for *Keener* and *Almagarby*.

The Commission incorrectly states that the *only* overlap between *Keener* and *Almagarby* ("at most") is the "overarching legal question" concerning the meaning of the word "dealer," SEC Opp'n to Mot. to Consolidate 3, *Keener*, No. 22-14237—but that is not true, and would not counsel against consolidation even if it were. This Court frequently consolidates cases that raise a common legal issue, even if each case presents other, non-overlapping issues. *See, e.g.*, *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1355-56 & n.1 (11th Cir. 2020); *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1219, 1227-29 (11th Cir. 2010) (per curiam); *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1256, 1281-85 (11th Cir. 2004) (en banc). The Commission does not—and cannot—explain why it is more efficient for two panels to resolve the same "overarching legal question" than one, or why it is not sensible to consolidate

4

in order to avoid potential inconsistencies. SEC Opp'n to Mot. to Consolidate 3, *Keener*, No. 22-14237.

The Commission's assertion—that the *only* overlap between *Keener* and *Almagarby* is the meaning of the word "dealer"—is wrong anyway. As Mr. Keener has already explained, the cases raise the *same* due-process defense based on the *same* sources, present the *same* questions concerning the *same* sort of injunction, and turn on the *same* disgorgement analysis. *See* Keener Mot. to Consolidate 7-8, *Keener*, No. 22-14237. The Commission doesn't have a response to any of this, and makes no attempt to square its argument here with the opposite arguments it pressed below or is pressing in *Almagarby* now. *See, e.g.*, SEC Response to Objections to Report and Recommendations 11, *Keener*, No. 1:20-cv-21254-BB (Sept. 6, 2022), ECF No. 143 (*Almagarby* raises "*the same*" disgorgement causation issue as *Keener* (emphasis added)); SEC Br. 31, *Almagarby*, No. 21-13755 (Oct. 6, 2022) (quoting the *Keener* court's discussion of the *Almagarby* court's due-process analysis).

The Commission also states that "assessment of the remedies" in *Keener* would involve "consideration of issues unique to that case." SEC Opp'n to Mot. to Consolidate 2, *Keener*, No. 22-14237. But, again, this

5

Court frequently consolidates cases that stem from "separate" actions "with unique considerations" where, as here, the cases otherwise raise "cross-cutting issues" that would benefit from consideration by a single panel. Joint Mot. to Consolidate ¶ 7, *Union Street Brands, LLC v. FDA*, No. 21-13521 (11th Cir. Nov. 12, 2021); *see* Order, *Union Street*, No. 21-13521 (Dec. 7, 2021) (granting motion to consolidate).

The "unique" issues the Commission cites are, in all events, not unique. The Commission, for example, says that the Court will need to consider "whether" the penny-stock bar should be "temporally limited," SEC Opp'n to Mot. to Consolidate 2, *Keener*, No. 22-14237, but the Commission defended the bar below on the ground that "[Mr.] Almagarby, of course, also received a penny stock bar" of the same duration, SEC Reply to Opp'n to Mot. for Remedies 9 n.21, *Keener*, No. 1:20-cv-21254-BB (Apr. 22, 2022), ECF No. 129; *see also, e.g.*, *id.* at 8 n.20 (stating that "the *Almagarby* court rejected" Mr. Keener's injunction argument); SEC Response to Def.'s Objections to Report & Recommendation 11, *Keener*, No. 1:20-cv-21254-BB, ECF No. 143 (stating that the *Almagarby* court reached "the same conclusion" as the Commission regarding Mr. Keener's disgorgement argument); Tr. of Mot. Hearing 71:20-25, *Keener*, No. 1:20-

6

cv-21254-BB (Oct. 21, 2021), ECF No. 116 (stating that "the Almagarby court decision disposes of" Mr. Keener's statute-of-limitations argument).

## CONCLUSION

As the Commission itself has previously acknowledged, *SEC v. Keener* (No. 22-14237) and *SEC v. Almagarby* (No. 21-13755) are "virtually indistinguishable." Tr. of Mot. Hearing 18:3-4, *Keener*, No. 1:20-cv-21254-BB (Oct. 21, 2021), ECF No. 116. The Court should consolidate the cases for oral argument and disposition.

Respectfully submitted,

Dated: February 16, 2023                /s/ *Helgi C. Walker*

CHRISTOPHER F. REGAN
ORRICK, HERRINGTON
    & SUTCLIFFE LLP
2001 M Street NW, Suite 500
Washington, DC 20036
(202) 349-8000

HELGI C. WALKER
BRIAN A. RICHMAN
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
HWalker@gibsondunn.com

BARRY GOLDSMITH
M. JONATHAN SEIBALD
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, N.Y. 10166
(212) 351-4000

*Counsel for Defendant-Appellant Justin W. Keener*

# CERTIFICATE OF COMPLIANCE

**1.　Type Volume**

__X__　　This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2) because, excluding parts of the document exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f), this document contains 1,281 words.

**2.　Type face and Type-Style**

__X__　　This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared using Microsoft Word 2019 in 14-point New Century Schoolbook font.

Dated:  February 16, 2023　　　　　/s/ *Helgi C. Walker*

　　　　　　　　　　　　　　　　　　　　Helgi C. Walker
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant-Appellant*
　　　　　　　　　　　　　　　　　　　　*Justin W. Keener*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2023, a true and correct copy of the foregoing was filed electronically and served on all counsel through this Court's CM/ECF system.

/s/ *Helgi C. Walker*

Helgi C. Walker
*Counsel for Defendant-Appellant*
*Justin W. Keener*

9