*SEC v. Justin W. Keener*, No. 22-14237

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Defendant-Appellant Justin W. Keener states that the following individuals, law firms, and entities have an interest in the outcome of this appeal:

1. Alternative Investment Management Association, Ltd.

2. Augustini, Hope Hall

3. Bloom, Beth F., U.S. District Judge

4. Braunstein, Joshua E.

5. Brown, Angela Laughlin

6. Buckley LLP

7. Ceresney, Andrew J.

8. Conley, Michael A.

9. Debevoise & Plimpton LLP

10. Dwyer, Jared E.

11. Folena, Jan

12. Fortino, Andrew Philip

13. Freda, Dominick V.

14. Gibson, Dunn & Crutcher LLP

15. Gillett, Gabriel K.

16. Goldsmith, Barry

17. Gray Reed & McGraw LLP

18. Greenberg, Benjamin G.

19. Greenberg Traurig, P.A.

20. Investor Choice Advocates Network

21. Jenner & Block LLP

22. Keener, Justin W. d/b/a JMJ Financial

23. Lisitza, David D.

24. Louis, Lauren Fleischer, U.S. Magistrate Judge

25. Managed Funds Association

26. Miller, Adam

27. Morgan, Nicholas

28. National Association of Private Fund Managers

29. Orrick, Herrington & Sutcliffe LLP

30. Paul Hastings LLP

31. Petrilla, Antony R.

32. Quinn, Brian O.

33. Ramkumar, Archith

34. Raskin, Jane S.

35. Raskin & Raskin

36. Regan, Christopher F.

37. Richman, Brian A.

38. Seibald, Jonathan M.

39. Securities and Exchange Commission

40. Signorelli-Cassady, Grace C.

41. Viswanatha, Veena

42. Walker, Helgi C.

43. Welshhans, Carolyn M.

Pursuant to the district court's order, Defendant-Appellant Justin W. Keener surrendered his remaining shares of stock and his remaining conversion rights. Accordingly, Defendant-Appellant Justin W. Keener certifies that, pursuant to Eleventh Circuit Rule 26.1-3(b), there is no publicly traded company or corporation that has an interest in the outcome of this case or appeal.

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel 202.955.8500
gibsondunn.com

Helgi C. Walker
Direct: +1 202.887.3599
Fax: +1 202.530.9595
HWalker@gibsondunn.com

March 15, 2024

VIA ECF

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re:     No. 22-14237, *SEC v. Keener*

Dear Mr. Smith:

*Almagarby* limited its holding to Almagarby's "specific conduct" and recognized "significant differences exist[ed]" between him and "all manner of market participants not traditionally understood as dealers." Op.17.

Such differences exist here. Like the non-dealers *Almagarby* discussed—and unlike Almagarby himself—Keener did "not rely on dilution financing or the rapid resale of microcap" stock as his "sole source of income," *id.*; *see* Keener-Br.14, 63, "employ networks of finders," Op.17; *see* Dist.-Ct.-Doc.67-1.at.36 (Tr.135:8-19), or "operate without financial disclosures or regulatory oversight," Op.17. Keener's transactions were publicly disclosed and executed through registered broker-dealers, Keener-Br.16, and he complied with Rule 144, Keener-Br.15, which "safeguard[ed] investors," *SEC v. Big Apple Consulting*, 783 F.3d 786, 809 (11th Cir. 2015). Moreover, while Almagarby "underwr[ote]," Op.17, Keener, under Rule 144, undisputedly did not, Keener-Reply-Br.26-27.[1] Thus, as the Commission conceded, "the facts and circumstances underlying this appeal and *Almagarby* differ significantly." 11th-Cir.-Dkt.20.at.1.

The Court shouldn't extend *Almagarby* to this "distinctly different" case. *Id.* Almagarby "purchased only 'aged' debt," which he "immediately" converted to stock and sold. Op.4. Keener, though, was a lender. As non-dealers have for decades, Keener-Br.50-52; 11th-Cir.-Dkt.56-1.at.2; *see also* Keener-Br.48-50—with Commission approval, Keener-Br.52-53, 15, 16-17 & n.4; Keener-Reply-Br.28—Keener lent to small companies. Keener often waited, at significant risk,

---

[1] The Commission interprets underwriting in accordance with Securities-Act interpretations, 50 Fed. Reg. 28,385, 28,391 (1985), including Rule 144.

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · Riyadh · San Francisco · Singapore · Washington, D.C.

**GIBSON DUNN**

David J. Smith
March 15, 2024
Page 2

years to convert or sell; he frequently was repaid in cash; and much of his profits was based on stock price appreciation. Keener-Br.16; Dist.-Ct.-Doc.72-3.at.79-82.

The Commission presses *Almagarby*'s three-sentence dicta that "dealers" don't necessarily effectuate customer trades—an issue "beyond the scope of Almagarby's" appeal. SEC-*Almagarby*-Br.35. Respectfully, we disagree, *see* Keener-Br.21-56, because "dealers have customers," Statement of Comm'r Uyeda (Mar. 5, 2024), https://www.sec.gov/news/speech/uyeda-remarks-cii-030524; *see also* https://www.sec.gov/news/statement/uyeda-statement-dealer-trader-020624. Regardless, consistent with *Almagarby*'s admonition, this Court should interpret *Almagarby* to narrowly apply only to Almagarby's "specific conduct," and avoid "an expansive definition [that] might sweep in all manner of market participants," like Keener, "not traditionally understood as dealers." Op.16-17. And the Court needn't address the "customer" issue because the "significant[]" "factual[] distinct[ions]" between "*Keener* and *Almagarby*" alone resolve this case. 11th-Cir.-Dkt.17.at.1.

Respectfully submitted,

/s/ Helgi C. Walker

Helgi C. Walker


cc:    All counsel of record via ECF