353 N. CLARK STREET CHICAGO, IL 60654-3456                              JENNER&BLOCK LLP

March 18, 2024

VIA ECF

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re:   *SEC v. Keener*, No. 22-14237
      Rule 28(j) response letter from Alternative Investment Management Association, Managed Funds Association, and National Association of Private Fund Managers ("Industry Amici")

Dear Mr. Smith:

Industry Amici agree with Appellant that *SEC v. Almagarby* is legally erroneous, must be read narrowly, and should not render Appellant a "dealer." *See* Dkt.67. Industry Amici offer three additional points.[1]

First, *Almagarby* "acknowledge[d] amicus's concern" that an expansive interpretation of the dealer definition "might sweep in all manner of market participants not traditionally understood as dealers, including investment advisors, mutual funds, pension funds, and other asset managers." Op.16-17. *Almagarby* thus made "clear" that it does not "suggest that *every* professional investor who buys and sell securities in high volumes is a 'dealer[,]'" and that "significant differences exist between Almagarby's conduct and that of amicus's investment advisor and fund members." *Id.*

Industry Amici have similar concerns and have highlighted similar differences here. *See* Dkt.36 at 4, 20 (sweeping impact), 6-12 (distinct structures and regulatory regimes), 29-30 (distinct activities); Dkt.34 at 2-13 (similar). This Court should similarly emphasize that, whatever the outcome, its decision does not purport to transform advisers or funds into dealers.

---

[1] Amici may discuss supplemental authority. *See, e.g.*, *Hunt Refining Co. v. EPA*, No. 22-12535 (11th Cir. 2023), ECF 91 (28(j) response by amici trade groups); *Henry's Louisiana Grill, Inc. v. Allied Ins. Co.*, No. 20-14156 (11th Cir. 2021), ECF 36 (28(j) letter by amicus trade group); *E.T. v. Paxton*, No. 21-51083 (5th Cir. 2022), ECF 163 (same).

Second, *Almagarby* teaches that dealers are in the business of dealing (*i.e.* profiting from executing and intermediating transactions), not the business of investing (*i.e.* profiting from taking risk and from price movement)—regardless of the volume, speed, or asset class of transactions. Op.9-14. Maintaining that distinction is critical for all market participants. *See* Dkt.36 at 6-12 (describing robust market for convertible securities and distinguishing investors from dealers), 14-17 (discussing trader exemption); Dkt.34 at 2-6, 14-15 (same).

Third, *Almagarby* emphasized that dealer status depends on "specific conduct." Op.17; *id.* 2-7, 11-12 (Almagarby's "*entire* business" was "flipping penny stocks" obtained "at a steep discount" with "no research," without "taking on price risk"). This Court should likewise focus on the specific facts that Appellant shows resolve this case and go no further.

Respectfully submitted,

By: /s/ *Gabriel K. Gillett*

Andrew J. Ceresney
Philip A. Fortino
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
Tel. (212) 909-6000
aceresney@debevoise.com
pafortino@debevoise.com

*Counsel for amici curiae Managed Funds Association and National Association of Private Fund Managers*

Gabriel K. Gillett
Kelsey L. Stimple
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
312-222-9350
ggillett@jenner.com

Anthony S. Barkow
Charles D. Riely
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1662

*Counsel for amicus curiae Alternative Investment Management Association, Ltd.*